Ilona **KLOUPTE,** Plaintiff–Appellant,

v.

**MISYS INTERNATIONAL BANKING SYSTEM,** Defendant–Appellee.

No. 06–5834–cv.

United States Court of Appeals, Second Circuit.

Oct. 22, 2007.

Ilona Kloupte, New York, NY, pro se.

Lisa Howley (Jyotin Hamid, on the brief), Debevoise & Plimpton LLP, New York, NY, for Defendant–Appellee.

PRESENT: Hon. AMALYA L. KEARSE, Hon. PETER W. HALL, Circuit Judges, and Hon. JED S. RAKOFF, District Judge.*

## SUMMARY ORDER

Plaintiff-appellant Ilona Kloupte appeals from an award of summary judgment to defendant-appellee MISYS International Banking System ("MISYS") on Kloupte's claim that MISYS terminated her employment because of her disabilities, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* We assume the parties' familiarity with the facts and the procedural history of the case.

We review the district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party. *See Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir.2003). The district court did not err in finding that there were no genuine issues of material fact and that MISYS was entitled to judgment as a matter of law.

Claims of employment discrimination under the ADA are governed by the three-step burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Regional Econ. Cmty. Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 48–49 (2d Cir.2002). Under that framework, a plaintiff must initially come forward with facts sufficient to establish a *prima facie* case of discrimination.

*See McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817. If the plaintiff does so, the burden shifts to the employer to show a legitimate, non-discriminatory reason for the adverse employment action. *See id.* The plaintiff then bears the ultimate burden of persuasion to prove that the employer's stated reason is a pretext for intentional discrimination. *See id.* at 804, 93 S.Ct. 1817.

Even assuming that Kloupte's depression and post-traumatic stress disorder constituted "disabilities" under the ADA such that she could make out a *prima facie* case of discrimination, Kloupte failed to offer any evidence indicating that MISYS's explanation for her termination was pretextual. MISYS submitted evidence, including performance reviews, showing that Kloupte was terminated because of her poor performance. Kloupte alleges that the performance reviews and warnings she received were in violation of corporate policies and that her office was poorly managed. Such allegations are not sufficient to permit a reasonable fact-finder to infer that the articulated reason for Kloupte's termination was a pretext for discrimination. *See Howley v. Town of Stratford*, 217 F.3d 141, 150 (2d Cir.2000). Accordingly, Kloupte failed to adduce sufficient evidence to meet her ultimate burden at the third stage of the *McDonnell Douglas* analysis.

We have reviewed Kloupte's remaining arguments and find them to be without merit.

Accordingly, the judgment of the District Court is hereby **AFFIRMED.**

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.